JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| ELENA BLANK, | No. ED CV 19-118-CJC (PLA) |
| Plaintiff, | **ORDER DISMISSING COMPLAINT FOR FAILURE TO PROSECUTE AND TO FOLLOW COURT ORDERS** |
| v. | |
| IVANKA TRUMP, et al., | |
| Defendant(s). | |

I.

**BACKGROUND**

On January 22, 2019, Elena Blank ("plaintiff"), who paid the required filing fee, filed in this Court a pro se Complaint, alleging seventeen claims against defendants Ivanka Trump and Jared Kushner, including civil rights claims. On January 24, 2019, finding that the Complaint suffered from multiple deficiencies,[1] the Magistrate Judge ordered plaintiff, no later than February 25, 2019,

---

[1] As detailed by the Magistrate Judge in his January 24, 2019, Order, the 183-page Complaint raises allegations of "Common Law Defamation 'Per Se'"; "False Light"; "Slander Per Se"; "Tortious Interference with Prospective Advantage"; "Violation of the Latham [sic] Act 15 U.S. Code § 1125 -- False Designations of Origin, False Descriptions, and Dilution Forbidden"; "Assault"; "Negligence"; "Fraud and Intentional Deceit"; "Invasion of Privacy"; "Fraud and Related Activity in Connection with Identification Documents, Authentication Features, and Information"; "Violation of 42 U.S.C. § 1983"; "Violation of State Civil Rights"; "Intentional Infliction of Emotional
(continued...)

to either file a First Amended Complaint remedying the deficiencies in the Complaint or, if she no longer wished to pursue this action, to file a Notice of Voluntary Dismissal. (ECF No. 7). The Magistrate Judge advised plaintiff that if she did not timely file a First Amended Complaint remedying the deficiencies, he would recommend dismissal of the action without further leave to amend and with prejudice. (Id.).

As of the date of this Order, plaintiff has not filed a response to the January 24, 2019, Order, or otherwise communicated with the Court, and the time to do so has expired.

## II.

## **DISCUSSION**

It is well established that a district court has authority to dismiss a plaintiff's action because of his or her failure to prosecute or to comply with court orders. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (holding that a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (holding that a district court may dismiss an action for failure to comply with any order of the court).

In determining whether to dismiss this action due to plaintiff's failure to prosecute or to comply with court orders, the Court must consider the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice

---

[1](...continued)
Distress"; "Negligent Infliction of Emotional Distress"; "Abuse of Process"; "Stalking"; and "Declaratory Relief," against both defendants. The Magistrate Judge noted that plaintiff's claims appeared to be based on defendants' alleged "global civil conspiracy influence persecution campaign and claims that Plaintiff is a fugitive dissident; undesirable alien to the United States," and their dissemination of "alleged intelligence surveillance under an alleged White House seal to influence over one million people on the intellectual property owned by Plaintiff." (ECF No. 7). He further noted that the Complaint was a "rambling hodgepodge of state and federal claims, unsupported and conclusory legal and factual assertions, and unrelated harms, that violated Rule 8, and failed to state a cognizable claim against either defendant. (Id.). The Court agrees.

to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (per curiam) (citation and internal quotation marks omitted); see also In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply with court orders).

The first two factors -- the public's interest in expeditious resolution of litigation and the Court's need to manage its docket -- weigh in favor of dismissal. Plaintiff's failure to respond to the Magistrate Judge's January 24, 2019, Order hinders the Court's ability to move this case toward disposition and indicates that plaintiff does not intend to litigate this action diligently.

The third factor -- prejudice to defendants -- also weighs in favor of dismissal. A rebuttable presumption of prejudice to defendants arises when a plaintiff unreasonably delays prosecution of an action. Eisen, 31 F.3d at 1452-53. Nothing suggests that such a presumption is unwarranted in this case.

The fourth factor -- public policy in favor of deciding cases on their merits -- weighs against dismissal. However, the Magistrate Judge screened the allegations in the Complaint and clearly informed plaintiff that the Complaint violated Rule 8 and failed to state a cognizable claim against defendants on which relief may be granted. (ECF No. 7 at 3). The Court also noted that "no party in defendants' position could reasonably frame a responsive pleading" to plaintiff's "confusing, long-winded, and, at most times, unintelligible" allegations. (Id.). Moreover, despite being given ample time to file a First Amended Complaint remedying the deficiencies, plaintiff did not do so. It is plaintiff's responsibility to move her case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics. See Morris v. Morgan Stanley Co., 942 F.2d 648, 652 (9th Cir. 1991). By failing to respond to the January 24, 2019, Order as ordered by the Magistrate Judge, plaintiff has not discharged this responsibility. In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh plaintiff's failure to comply with court orders.

The fifth factor -- availability of less drastic sanctions -- weighs in favor of dismissal. The Magistrate Judge attempted to avoid dismissal when he issued the January 24, 2019, Order dismissing the Complaint with leave to amend, giving plaintiff an opportunity to remedy the

deficiencies in her Complaint, as identified by the Magistrate Judge. Nonetheless, as of the date of this Order, plaintiff has failed to respond as required by the Magistrate Judge's January 24, 2019, Order, or to otherwise communicate with the Court.

Taking all of the above factors into account, dismissal for failure to prosecute and to follow court orders is appropriate. Such a dismissal, however, should not be entered unless plaintiff has been notified that dismissal is imminent. See W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990). In this case, plaintiff was cautioned about the possibility of dismissal in the Magistrate Judge's January 24, 2019, Order.

### III.
### CONCLUSION

IT IS THEREFORE ORDERED that this action is **dismissed without prejudice** for failure to prosecute and for failure to follow court orders.

**IT IS SO ORDERED**.

DATED: March 14, 2019

HON. CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE